JUDGE PRYOR
delivered the opinion of the court.
Jesse Willet, a boy about twelve years of age, was indicted in the Pendleton Circuit Court upon a charge of false swearing, and sentenced to confinement in the state-prison for fifteen months.
*231 There being testimony conducing to show that the accused had made conflicting statements, with reference to the same matter, when .examined as a witness before the grand and petit juries of Pendleton County, his counsel asked the court to say to the jury, “That the law presumed the prisoner incapable of the crime of false swearing if, at the time, he was under fourteen years of age.” This instruction was refused, and no instruction given presenting this view of the case to the jury.
The doctrine recognized in the elementary books upon the question involved is, “That infants are prima facie unacquainted with guilt, and can not be convicted, unless at the time the offense was committed they had a. guilty knowledge that they were doing wrong.”
This is not even a disputable presumption when applied to an infant under seven years of age; but between seven years and fourteen the Commonwealth may rebut the presumption by showing, a guilty knowledge on the part of the accused.
Russell says that this presumption will diminish with the advance of the offender’s years, and will depend upon the particular facts and circumstances of his ease. (1 Russell, p. 2.)
This same author suggests that “the proper course is to leave the case to the jury to say whether, at the time of the commission of the offense such person had guilty knowledge that he was doing wrong.”
The test given by Lord Hale is, “ whether the accused at the time was capable of discerning between good and evil.”
Taylor, in his work on Evidence, questions the philosophy of the rule laid down by Lord Hale, for the reason that it is too indefinite, and may be applied “ either to legal responsibility or to moral guilt.” (1 Taylor on Evidence, 190.)
New infants between the ages of seven and fourteen years, with ordinary intellects, are so ignorant as not to know that to lie or steal is wrong; and therefore, in applying the rule *232 laid down by Lord Hale or Russell, the infant derives no benefit from the legal presumption, and, instead of being favored by the law, is dealt with in the same manner as those more advanced in life.
A sense of moral guilt only on the part of the infant, in the absence of a knowledge of his legal responsibility for his wrongful act, will not authorize a conviction.
"When the prosecution satisfies the jury that the infant, at the time he committed the offense, knew it was wrong, and was aware of his legal responsibility for the commission of the crime, the legal presumption of innocence on account of his tender years no longér exists; but in the absence of such proof, the legal presumption must produce an acquittal.
The court below having erred in refusing to instruct the jury on this branch of the case, the judgment is reversed and cause remanded, with directions to award a new trial, and for further proceedings consistent with this opinion.