The opinion of the court was delivered by
Breaux, J.
The defendant was charged with arson under Section 843 of the Revised Statutes, Was tried and found guilty.
*1173 A motion to quash the indictment was filed on the ground that the bill of indictment does not set forth as required by the statute that the act charged was wilful.
The indictment charges that the defendant “did unlawfully, maliciously and feloniously set fire and burn a certain outhouse, to-wit: a barn,” thereby complying with the statute, which declares that every person “ who shall wilfully or maliciously set fire to or burn any outhouse, stable or barn, etc., shall upon conviction suffer imprisonment at hard labor.”
The ground presumably is abandoned, for it is not argued in counsel’s brief.
The point was passed upon in the case of the State vs. Philbin, 38 An. 964, in*which it was held that the words, viz.: “ Feloniously, unlawfully and maliciously are sufficient in an indictment under Section 841 of the Revised Statutes.
The words may be conjunctively used as wilfully and maliciously, or disjunctively maliciously or wifully. The use of either of these qualifying words is a legal compliance with the statute. State vs. Price, 37 An. 218.
The points urged before this court are that there is error in that the record does not disclose the presence of the accused at the trial except after the evidence had been introduced and the argument closed.
A bill of exception was reserved to the court’s ruling in admitting, over .the defendant’s objection, the testimony of a witness to prove the confession of this defendant, a child between the age of 10 and 12 years. The grounds of objection are that the State had not laid the basis for the introduction of the confession.
The evidence of this witness was written down and annexed to the bill and is now, without objection, before the court.
A bill of exception was also reserved to the court’s ruling admitting the testimony of the witnesses to prove the intelligence and criminal capacity of the accused.
Relating to the presence of the accused during the trial.
The minutes prove that the accused was arraigned on the 20th February, 1893.
The following was entered on the minutes on the 25th August, 1893:
“Trial of case resumed; evidence closed; argument of counse *1174 heard and accused found guilty as charged, the accused and his counsel being present.”
The record affirmatively shows that he was present.
The entry is sufficient to establish that he was present at every important stage of the trial.
The special entry, it is true, should have been made noting the presence of the accused at every important stage during the trial. Such omissions of the clerk should be avoided.
But the entry as made makes it evident that the accused was present during the trial. State vs. White, 33 An. 1221; State vs. Atkins, 33 An. 1253; State vs. Price, 37 An. 215.
The admission of defendant’s confession presents the second ground of defence.
It is contended that the State did not affirmatively show that the confession was free and voluntary, and without threat, inducement or persuasion.
The witness to whom the confession was made says: “The accused made a confession to me. I did not offer him any inducement to make this confession. I did not threaten him in any manner. He made the confession free and voluntary, with his own free will. I remember the substance of all he said in that conversation, and can repeat the substance of all he said in that conversation. ”
The cross-examination which followed after the testimony in chief did not elicit any fact establishing that the, confession was not free and voluntary. There were no circumstances of duress or violence shown, nor the least menace.
The trial judge, who knew the parties, was satisfied that there had not been any undue or improper influence brought to bear.
The records do not disclose that his rulings relating to the foundation upon which the confession was admitted is erroneous.
The last ground of defence is disclosed in a bill of exceptions to the judge’s ruling in permitting witnesses to testify as to their opinion of the intelligence of the accused.
Counsel contends that the ability to commit a crime must appear from the circumstances of the particular case.
The following are the judge’s reasons narrated in the bill of exceptions : “ The inquiry as to the capacity is not limited to the facts and circumstances attending the commission of the act, but may be shown by extreme proof.”
*1175 A child under the age of twel ve years is presumed to be incapable •of crime, but the presumption may be removed by proof that he had sufficient capacity to understand the wrongfulness of his act. Rice on Ev., p. 26.
Blackstone says: “Under seven years of age, indeed, an infant can not be guilty of felony, for then a felonious discretion is almost an impossibility in nature.” He adds: “ Convictions have been had of infants between seven and fourteen.
“ But in all such cases the evidence of that malice which is to supply age ought to be strong and clear beyond all doubt and contradiction.”
Brown’s Legal Maxim announces that malice supply the want of mature years, that between the ages of seven and fourteen years an infant is deemed prima facie to be'doli ineapax, but that the ordinary legal presumption may be rebutted by strong and pregnant evidence of mischievous discretion, for the capacity of doing ill or contracting guilt is not so much increased by years and days as by the strength of the delinquent’s understanding and judgment.
Archbold’s Criminal P. and P., pp. 11 and 12, announces the same rule.
“No act done by any person over seven and under fourteen years •of age is a crime, unless it be shown affirmatively that such person had sufficient capacity to know that the act was wrong.” Stephen Dig., Arts. 25, 26.
The question does not relate to the competency of the witnesses in matter of opinion evidence.
The records do not disclose the character of the evidence sought.
The question and the objection are general in term.
Opinion is competent evidence upon the subject of age in the absence of positive testimony upon the subject.
The opinion of witnesses may be heard in many respects to establish sufficient capacity to know that the act was wrong.
The rule under which opinion evidence is admitted as to sanity or insanity applies in proving the responsibility vel non of infants.
The forms of law have been complied with and the trial regularly conducted.
The jury must have been satisfied that the defendant, at the time “ that he committed the offence, knew it was wrong, and was aware •of his legal responsibility for the commission of the crime — the legal *1176 presumption of his innocence on account of his tender years no longer exists.” Willet vs. Com., 13 Bush, 230.
These are issues which must be considered settled after a verdict has been rendered in due form.
The tender years of the defendant, should his conduct yield to good influence, will doubtless recommend him to another authority.
To this tribunal is left the painful duty of affirming the judgment appealed from.