JUDGE PRYOR
delivered the opinion of the court.
The appellant .Laura A. Greenwood instituted this action against the City of Louisville, alleging in her petition the ...existence of an organization known as the Fire Department, *227 under the exclusive control of the city, created for the purpose of extinguishing fires; that the agents and employees of the defendant, when on their way to extinguish a fire, with a steam fire engine drawn by horses and mdving at a rapid and dangerous speed, carelessly and negligently permitted the tongue of the engine to become detached therefrom, and by reason thereof the engine ran upon the sidewalk on Seventh Street, where the appellant was standing, and where she had the lawful right to be, and ran over the plaintiff (appellant), greatly injuring her person and causing great bodily pain, etc.; that the injury resulted from the negligence of the employees of defendant and the defective machinery to which the horses were attached, etc.; that the employees were acting at the time by the direction and under the authority of defendant.
To this petition the city filed an answer, denying any negligence by those in charge of the engine and traversing the allegations of the complaint, and further answering, alleged that the general council of the corporation was required by legislative enactment to provide a fire department within the City of Louisville for the benefit of the public, and to provide by ordinance for a perfect and complete organization of the same, and to furnish all things necessary for the use of this .department. That a chief engineer of this department is elected every two years by the qualified voters of the city, and is required to execute a bond for. the faithful discharge of his duties. That all the power exercised by the city in reference to this department is exclusively for the public benefit, and extends no further than to provide the necessary means for maintaining the organization, etc.
It appears from the testimony in the case that while those in charge of the engine were on their way, with great speed, to the fire, the tongue became detached and the engine ran upon the sidewalk, knocking appellant down and seriously injuring her.
*228 Upon these facts the court below, at the instance of the attorney for the city, instructed the jury to find for the de-' fendant.
Although the question involved in the case has not been passed upon by this court, the principle applicable to such cases has been so long recognized by both the elementary authorities and the reported cases as no longer to admit of controversy.
If the servants or agents for whose acts the municipal corporation is sought to be made liable are under the control of the corporation, with the power to remove, or to hold them responsible for the manner in which they discharge their duties, and those duties relate to the exercise of corporate powers for the special benefit of the corporation, the maxim respondeat superior applies; but if they are elected or appointed in obedience to a statute to perform a public service not peculiarly local or corporate, and are independent of the corporation as to the tenure of office and the manner of discharging the duties pertaining to it, such are not the agents of the corporation, for whose acts or negligence the corporation is liable. (Dillon on Municipal Corporations, page 731.)
It is laid down as law by the author referred to, that although a city has the power to establish a fire department and to appoint and remove its officers, still it is not liable for the negligence of firemen appointed and paid by it, who, when engaged in their line of duty, ran over and injured the plaintiff; and, upon the same principle, it has been held that a municipal corporation is not liable for an assault and battery committed by» one of its police in an attempt to discharge his duty.
The City of Louisville is required by the sovereign power (the legislature) to establish and maintain a fire department and to provide for an election, by the qualified voters of the city, of a chief engineer, whose duties shall be defined by ordinance. The duties here imposed are of a legislative character, *229 and although there may be an improper exercise of the power conferred, still for such neglect or omission of duty a corporation has never been held liable.
The true distinction in such cases seems to be that “ where the duties imposed are of a legislative or judicial nature, and the proper exercise of them depends upon the judgment of those of whom they are required, the corporation is not responsible in damages either for a failure to perform them or for errors in their performance.” (29 Indiana, 190, Bruckmeyer v. the City of Evansville.
“ In the absence of express statute municipal corporations are no more liable to actions for injuries occasioned by reason of negligence in using or keeping in repair the fire engines owned by them than in the case of a town-house or public way.” (Fisher v. Boston, 104 Mass., p. 98.)
Where the duties are purely ministerial a neglect to discharge them will create the liability when an injury occurs by reason of the neglect or omission of duty.
We have been referred to no authority by counsel for the appellant in support of the error complained of, and, on the other hand, all the adjudged cases we have seen bearing on the question sustain the action of the court below. (Hafford v. New Bedford, 16 Gray; Eastman v. Meredith, 36 N. H.; Bigelow v. Randolph, 14 Gray; 19 Ohio St.; Weightman v. Washington, 1 Black, 42; Dargan v. Mobile, 31 Ala. 469.)
Judgment affirmed.