CASE 92—ACTION TO RECOVER DAMAGES FOR INJURY TO GOODS **BY**
WATER FROM NEGLIGENCE OF FIREMEN—JUNE 12.

# Davis v. City of Lebanon.

### APPEAL FROM MARION CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   AFFIRMED.

LIABILITY OF MUNICIPAL CORPORATIONS FOR NEGLIGENCE OF FIREMEN.

Held:    A city is not liable for an injury to a stock of goods by
water, resulting from the negligence of its firemen in attempting
to extinguish a fire.

FINLEY SHUCK, ATTORNEY FOR APPELLANT.

1. It is conceded that a municipal corporation can not be held re-
sponsible for the acts of a public officer, notwithstanding his
authority emanates from the city. But a fireman with no duties
to perform except such as pertain to the extinguishment of
fires, who takes no oath of office and executes no bond on which
he can be held liable for his acts, stands in a different atti-
tude.   He is the agent or servant of the city, and the city is
liable for injuries caused by his negligence.  Am. & Eng. Ency.
of Law, vol. 19, (1st. ed.), pages 382 to 388; People v. Pinkney,
32 N. Y., 377; Olmstead v. Mayor, &c., of N. Y., 42 N. Y. Sup.
Court, 289; Ky. Stat., sub-sec. 16, sec. 3490; Greenwood v.
Louisville, 13 Bush, 226; Patch v. Covington, 17 B. Mon., 728;
Prather v. City of Lexington, 13 Bush, 561; Hays v. Boston, 19
Pick., 511.

H. P. COOPER FOR APPELLEE.

1. The city of Lebanon is not liable for damages resulting from
the willful, gross or ordinary negligence of firemen who were en-
gaged in the line of their duty, in the absence of express statu-
tory provisions to that effect, although the firemen were ap-
pointed and paid for their services by the city as charged.  13
Bush, 226, Greenwood v. Louisville; 13 B. Mon., 559, Prather v.
City of Lexington; 89 Ky., 279, Jolly's Admr. v. City of Hawes-
ville; Am. Neg. Reports, No. 1, June, 1898, Daly v. City of
New Haven.

Davis v. City of Lebanon.

OPINION OF THE COURT BY JUDGE GUFFY—AFFIRMING.

The appellant instituted this action in the Marion Circuit Court against the appellee, seeking to recover judgment for $500, the value of property alleged to have been destroyed by the negligence of appellee's employes. The material part of the petition reads as follows: "Plaintiff further states that the city of Lebanon, Ky., was then, and is now, a city of the fourth class, as classified by the statutory law of Kentucky, and was incorporated under said laws, with power and authority to sue and be sued by that name. Said city at said date was the owner of a water ·service, and an establishment consisting of fire plugs, hose and hose carriers, nozzles, and all the paraphernalia for throwing large quantities of water for extinguishing fire and other purposes. Said city had in its employ at said date a company of men, organized and controlled by said city, and employed for the purpose of operating said water service, fire plugs, and apparatus aforesaid; and said defendant did on the date aforesaid, by its agents and servants aforesaid, to wit, the company of men aforesaid in its employ, willfully and carelessly and negligently, and without right, throw water in large quantities from said fire plug, water service, and hose, which was then under the control and in the possession of defendant, its agents and employes, upon the aforesaid goods, wares, and merchandise of plaintiff, contrary to the consent and against the will of plaintiff, and thereby destroyed and injured said goods, wares, and merchandise of plaintiff, to her great damage, to wit, $500. Whereupon plaintiff prays judgment against defendant for $500 and her costs in this case, and all proper relief." To this petition the defend-

ant demurred, and its demurrer was overruled by the court. Afterwards plaintiff filed the following amended petition: "The plaintiff comes, and by leave of court amends her petition herein in order to make more specific the allegations of ownership of the water service and fire plugs mentioned in the petition. She says the said water service and fire plugs are the property of the Lebanon Water Company, a stock company duly organized and created by the laws of Kentucky. The whole of the stock in said company is owned by the city of Lebanon, Ky. The defendant, the city of Lebanon, operates said water service and fire plugs under a lease or agreement between said city and said water company, by which lease or agreement said city has, and had at the time of the injury complained of, the control of said fire plugs and water service connected therewith." The answer of appellant denied the ownership of the water establishments, fire plugs, etc., and denied that it had in its employ a company of men, organized and controlled by it, for the purpose indicated in the petition. It is further denied that appellee injured or damaged plaintiff's goods. In an amended answer it is substantially alleged that the destruction of plaintiff's goods, if any were destroyed, was the result of plaintiff's own negligence. This answer was traversed by reply. At the conclusion of plaintiff's testimony, the court, on motion of defendant, instructed the jury peremptorily to find for the defendant, which was accordingly done; and plaintiff's motion for a new trial having been overruled, she prosecutes this appeal.

It may be conceded that the evidence introduced tended to sustain the allegations of the petition. The only ground relied on for a new trial is that the court erred in giving the peremptory instruction, and that the verdict is

contrary to law and evidence.    The sole question pre-
sented for decision is whether the city of Lebanon is re-
sponsible for the damage inflicted upon the plaintiff, under
the facts and circumstances as alleged and proved.    The
appellee is authorized by law to establish and provide for
the prevention and extinguishment of fire, and it seems
that such authority may be treated as a governmental
function.    It seems to us that under the principles an-
nounced by this court in Greenwood v. City of Louisville,
13 Bush, 226, plaintiff was not entitled to recover in this
action.    The question as to the liability of the individuals
for wanton and reckless destruction of property, if such
there was, is not presented for decision.    It does not ap-
pear in this case that either the city or fire company in-
tentionally destroyed plaintiff's property for the purpose
of checking or arresting the spread of the fire, and for the
protection and benefit of other property.    Hence that
question is not presented for decision.    Judgment affirmed.