## City of Louisville v. Bridwell, By, et al.

(Decided November 15, 1912.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Personal Injuries—Action for—Collision of Fire Engine With Wagon—Governmental Function—Negligence — Pleading. — The contention of appellant that as the maintenance of a fire department is a governmental function, it is not liable for injury caused by a runaway fire engine, even if a defect in the street caused or contributed to the injury, cannot apply in an action, where neither in the pleadings or proof liability is sought to be made to depend upon the negligence of the fire department employes in charge of the engine, but the right of recovery is based upon the negligence of the city in permitting holes to be in the street, where the injury occurred, which rendered it unsafe for public use, and that the defects in the street caused the engine to collide with the wagon with the resulting injury.

2. Same—Submission to Jury—Evidence.—While no expression of opinion is given as to the weight of the evidence, the appellee's evidence was such as to entitle plaintiff to have the case submitted to the jury, and the trial court did not err in submitting it to them.

3. Argument of Counsel.—The denunciation of counsel in argument to the jury of the governmental function doctrine was reprehensible, if indulged in, but it does not appear from the record that the objection to it was addressed to or ruled on by the court, and the complaint cannot be considered.

4. Instructions—Duties of Appellant in Respect to Streets—Negligence of Employes.—Upon the trial of an action for damages for

injury resulting from the collision of a fire engine with a wagon upon a street, an instruction was erroneous which failed to limit the use of the street to the needs of ordinary travel. In other words the jury was not advised that appellant was not required to keep the street in such condition as would make it reasonably safe for the use of runaway teams, and it should have been advised that the city was not responsible in damages for the negligence of the employes in its fire department.

CLAYTON B. BLAKEY, LEON P. LEWIS and HUSTON QUIN for appellant.

O'DOHERTY & YONTS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The infant appellee, Gracie Elizabeth Bridwell, suing in her own right and by her mother as statutory guardian, recovered against the appellant, City of Louisville, in the court below a verdict and judgment for $10,-000.00, by way of damages, for the loss of a leg and other injuries to the lower part of her body, caused, as alleged, by the negligence of appellant in failing to keep one of its streets in a condition reasonably safe for the use of the public, as a result of which one of its fire engines was made to collide with a wagon in which the infant appellee, together with three other children and her mother, was at the time riding. Appellee was thrown from the wagon to the street by the force of the collision and the bones of her left leg so crushed that its amputation at the hip necessarily resulted. The appellant complains of the judgment and by this appeal seeks its reversal.

Appellant's answer traversed all averments of the petition, charging that appellee's injuries were caused by its negligence, either in failing to keep its street in repair or otherwise, and alleged that the fire engine collided with the wagon in which appellee was riding, because of the running away of the horses attached to the fire engine and the driver's inability to control them; and furthermore, that in the matter of receiving her injuries appellee was herself guilty of contributory negligence, but for which they would not have been sustained. The issues were completed by appellee's filing a reply which controverted the affirmative matter of the answer. Three grounds are urged by appellant for the reversal of the judgment; (1) That as the maintenance of a fire department is a governmental function, it is not liable

for injury caused by a runaway fire engine, even if a defect in the street caused or contributed to the injury. (2) That the verdict is unsupported by and contrary to the evidence. (3) Misconduct of appellee's counsel in argument to the jury. (4) Error of the trial court in instructing the jury and refusing an instruction asked by appellant.

Appellant's first contention is, in our opinion, untenable. It is true that in maintaining a fire department for the protection of the lives and property of its inhabitants, the city of Louisville performs a public or governmental duty imposed upon it by law, and for that reason it cannot be held liable for injuries resulting from defects in the fire engines or other appliances appertaining to the fire department, or from their negligent use by the firemen or other employes of the fire department. The law on this subject is well stated in Burdick's Law of Torts, section...... as follows:

"There is a substantial agreement that it (the city) is not liable for the torts of its fire or police departments, nor for those of its boards of health or education; nor for those of any other officers, agents, or servants, in the discharge of functions which primarily belong to the State, but the performance of which it has delegated to the municipality. * * *"

In numerous cases the doctrine thus announced was held by us to release cities and towns of responsibility for the torts of their agents. Twyman's Admr. v. City of Frankfort, 117 Ky., 518; Pollack's Admr. v. City of Louisville, 13 Bush, 231; Jolly's Admr. v. Hawesville, 89 Ky., 279; Prather v. Lexington, 13 B. Monroe, 559; Ernst v. City of Covington, 116 Ky., 850; Clark v. Nicholasville, 27 R., 974; Jones v. City of Corbin, 30 R., 374; Board of Park Commissioners v. Prinz, 127 Ky., 460; Heaving v. Covington, 25 R., 1617; Schwalks Admr. v. City of Louisville, 135 Ky., 670. And also held in the cases further cited to exempt state and eleemosynary institutions from such liability. Leavell v. Western Kentucky Asylum, 122 Ky., 213; Wimson v. Ind. School of Reform, 95 Ky., 251; Simon v. Gregory, 120 Ky., 116.

In Schwalks Admr. v. City of Louisville, supra, we said:

"According to the great weight of authority cities and towns are not liable for negligence in the performance of a public, governmental duty imposed upon them for public benefit, and from which they in their corpor-

ate or proprietary capacity derive no pecuniary benefit. However, the universally recognized liability of such municipalities for negligence in not keeping their streets in repair affords an exception to the general rule, which, as said, in Snider v. City of St. Paul, 51 Minn., 466, 18 L. R. A., 151 (a case almost identical in point of fact with this), 'we think the courts would do better to rest either upon special consideration of public policy or upon the doctrine of stare decisis than to attempt to find some strictly legal principle to justify the distinction.' *    *    *,,

So, conceding the non-liability of the appellant for the negligence of its firemen, nevertheless, if the collision of the fire engine in their charge with the wagon in which appellee was riding resulted solely from a defect in the street, the defect, if it was such as to prevent the street from being reasonably safe for ordinary travel by the public, and was known, or by the exercise of ordinary care might have become known to appellant in time to repair it before the accident, must be regarded as the efficient or proximate cause of appellee's injury.

There is, however, another aspect of the law applicable to the case it will be well to here notice. Although the defect in the street may have contributed to the collision between appellant's fire engine and the wagon resulting in appellee's injury, if at the time, the horses attached to the fire engine were, from fright, running away and beyond the control of the driver, whether such fright resulted from the negligence of the driver or other cause, and appellee's injuries would have been sustained in the absence of the defect in the street by the running away of the horses alone, then the defect in the street cannot be regarded the proximate cause of the injury.

It seems to be well settled in law that if the injury is the result of concurring causes for one of which only the defendant is responsible he must answer, or where the injury is the combined result of negligence and accident, the negligent party must answer unless the injury would have happened if it had not been negligent. 1 Thompson, section 68; City of Louisville v. Hart's Admr., 143 Ky., 171; Whitman-McNamara Tobacco Co. v. Warren, 23 R., 2120; 29 Cyc., 498; City of Louisville v. Johnson, 24 R., 685.

The cases cited by counsel for appellant are not in conflict with the principle announced. In Patch v. City

of Covington, 17 B. Monroe, 722, it was held, that the city was not liable because its firemen, owing to inadequate water supply, were unable to extinguish a fire which destroyed plaintiff's property.

In Greenwood v. City of Louisville, 13 Bush, 226, it was held, that the plaintiff could not recover of the city for injuries resulting to him from the negligent act of the firemen in permitting the fire engine to run upon the sidewalk and against him.

In Davis v. City of Lebanon, 108 Ky., 688, it was held that the city was not liable for injury to the plaintiff's goods by water thrown upon them from the city's fire apparatus.

The decision as to the non-liability of the city in each of these cases, rests upon the doctrine of governmental function, and the same is true of Sandusky v. Central City, 22 R., 669; Paducah Lumber Co. v. Paducah Water Supply Company, 89 Ky., 340; Hazel v. Owensboro, 30 R., 627. In our opinion City of Harrodsburg v. Abram, 138 Ky., 157, upon which appellant's counsel also relies, refutes rather than sustains his contention. In that case a horse frightened at the breaking of a bolt in the vehicle which he was drawing, ran away and was injured in a collision with an old fire engine, which the city had left standing near the curb of one of its streets; recovery being sought for the death of the horse. Judgment of the circuit court, allowing the recovery, was reversed by this court on the distinct ground that the presence and position of the fire engine in the street did not unreasonably obstruct or render it unsafe for public use. This fully appears in the following excerpts from the opinion:

"Sixty feet is the average width of a public street, including the sidewalk, and very few municipal highways are more than forty-five feet in width between the curbing; so that, in deducting the width of the street occupied by the fire engine the evidence shows, without contradiction, there was left for the use of the traveling public, in width considerably more highway than afforded by the average street when entirely unobstructed. There was a total failure of evidence showing that the street with the fire engine standing by the curb, was not reasonably safe for the use of the ordinary public travel. * * * But it is neither alleged nor proved in the case at bar, that the street where the accident occurred was in either an unsafe or dangerous condition; and,

even if it had been so alleged, the evidence entirely refutes the supposition. It is well established that it is the duty of municipalities to exercise reasonable care and diligence to keep its public highways in a reasonably safe condition for travel, and that if they fail in this they are liable for resulting injuries caused by negligent failure to discharge this important public duty. * * * The rule would of course be different, if the fright of the horse *was due to the negligence of the municipal authorities;* likewise it would be different *if the highway where the injury occurred was in a dangerous condition for ordinary travel. In either of these cases the city would be liable, because the negligence of its officers would be the proximate cause of the injury;* but, where the municipal authorities are in no wise responsible for the fright of the horse, the city is not responsible in damages for its subsequently injuring itself in unnecessarily running against an obstruction in the highway, if there be ample space for the use of the traveling public.''

In the instant case appellee does not either in her pleadings or proof, seek to fix liability on the city for the negligence of the fire department employes in charge of the engine, but her right of recovery is based upon the negligence of the city in permitting holes to be in Jackson Street, which rendered it not reasonably safe for public use, and that the defects caused the engine to collide with the wagon and injure her.

Appellant's second contention, namely, that the verdict is unsupported by and is flagrantly against the evidence, requires of us consideration of the evidence.

The following facts appearing in the bill of evidence seem to be undisputed. As appellee, who was then about three years of age, was riding with her mother and other members of the family in a spring wagon, driving north on Jackson Street in the city of Louisville, a fire engine drawn by three horses and returning in the same direction from a fire, entered Jackson Street in the rear of the wagon; the engine and horses made a great noise in entering Jackson Street, and were going at a high rate of speed, upon hearing which Mrs. Bridwell pulled the horse she was driving in toward the east side walk. The horses of the fire engine collided with the wagon in which the child was seated. The east horse, or some part of the fire engine, struck the vehicle, turned it almost around and threw the child out on the street.

One of the wheels of the heavy engine ran over her leg, thereby crushing it and otherwise injuring her, as in the beginning of the opinion stated.

Mrs. Bridwell, her sons Elmer and Shirley, who were riding with her and the little girl at the time of the accident, and Charles F. Durrett, who was then standing in his mother's porch across the street, testified that as the horses and engine came toward the wagon, Mrs. Bridwell, in order to avoid the collision, drove the wagon close to and parallel with the curb on the east side of Jackson Street at a distance of about fifty feet from Green Street. When the wagon stopped the mother and one of the boys jumped out, the boy going to the horse's head to hold him. Mrs. Bridwell succeeded in lifting two of the children out of the wagon, but did not have time to get the infant appellee out before the collision.

According to the further testimony of these witnesses, the horses and engine after entering Jackson Street were running rapidly in a direct line about the center of the street and would have passed the wagon in safety, but for the fact that when about twenty feet north of the Green Street crossing, and before reaching the wagon, the wheels of the engine entered a hole in the granite street, which caused the engine to deflect to the east and collide with the wagon. These witnesses, and others introduced for the appellee, notably, W. T. Vest, Artie Vest, Albert Vest, grandfather and uncles of appellee, and Voght, a civil engineer in the service of the Federal government, all testified that the Green Street crossing and Jackson Street, between the crossing and place of the accident, contained holes which made those streets defective and unsafe for travel. Voght, the engineer, made measurements and diagrams of the holes in the streets, and testified that hole, "A," which was the one Mrs. Bridwell and her two sons say changed the course of the fire engine and caused it to collide with the wagon, was of sufficient depth and width, if entered by the wheel of the fire engine, to deflect and turn it from its course and in a northeasterly direction. Mrs. Durrett testified as to defects in Jackson Street and the Green Street crossing, and to frequent repairing thereof by appellant's employes, before and after the accident. On cross examination two of appellant's witnesses, connected with its repairing department, King and Lewis, also testified as to repairing done on Jackson Street between Green and Jefferson, about the time

indicated by Mrs. Durrett, and produced records of the city showing same.

Appellant introduced fourteen witnesses in its behalf, nearly all of whom were officers and employes in its service. The testimony of these witnesses conduced to prove every ground of defense relied on to defeat a recovery. In substance, it was to the effect that the horses driven to the fire engine, became frightened at escaping steam from the engine, or the ringing of its bell,.and were running away when they entered Jackson Street, and having succeeded in jerking the lines from the driver's hands were then unmanageable; that the wheels of the engine did not run into and were not deflected by a hole in Jackson Street; and that the collision of the engine with the wagon was caused by the negligence of Mrs. Bridwell in turning the horse she was driving toward the curb of the pavement, and leaving the rear end of the wagon out in the street, practically the length of the vehicle from the curb, which caused it to obstruct the street and brought it in the way of the approaching engine.

Much of appellant's evidence also tended to show that there were no holes, or other defects of consequence, in Jackson street at or near the place of the accident, and that it was, at the time of the accident, in a reasonably safe condition for ordinary travel. It will thus be seen that such of the evidence as was material, was very conflicting; that of appellee showing a right of recovery, and that of appellant as fully showing the absence of such right. We give no expression of opinion as to the weight of the evidence, but it is manifest that appellee's evidence entitled her to have the case go to the jury and that the trial court did not, as appellant claims, err in submitting it to them.

Appellant's third contention seems to be without merit. The misconduct of appellee's counsel, complained of, consisted, as alleged, of a denunciation in argument to the jury of the governmental function doctrine relied on by appellant in this case. Such denunciation, if indulged in, was reprehensible, but it does not appear from the record that the objection thereto was addressed to or ruled on by the court. Affidavits of counsel show that the objection was made in an audible tone, but not that it was heard by the court or the court's attention called to it. Counsel should

have made the objection to the court, insisted upon a ruling from the court thereon, and taken an exception to the ruling, if adverse to his client; or if the court, under these circumstances, failed or refused to pass on the objection, such failure or refusal should have been excepted to. As the matter appears in the record we cannot consider the complaint.

Appellant's fourth and final contention furnishes, in our opinion, a meritorious ground of complaint. The instructions given stated the law as far as they went, but did not give all the law of the case. They defined and emphasized in the strongest terms permissible, the care to be exercised by appellant in maintaining Jackson street in a condition reasonably safe for public use, but fail to limit such use to the needs of ordinary travel. In other words, they failed to tell the jury that appellant was not required to keep Jackson street in such condition as would make it reasonably safe for the use of runaway teams. As the instructions advised the jury as to the duties of appellant in respect to its streets, they should also have advised them that it was not responsible in damages for the negligence of the employes in its fire department. While we do not approve of the form in which it was presented, the refused instruction offered by appellant in the court below, in part correctly stated the law, and on the retrial of the case the court should, in addition to the instructions used on the last trial, give, in substance, the following:

The jury are further instructed that the defendant is not responsible for the negligence of the members of its fire department, however much such negligence may have contributed to plaintiff's injury; nor did its duty with respect to Jackson street, require it to do more than maintain it in such condition as would make it reasonably safe for ordinary travel, and if they believe from the evidence that at the time plaintiff was injured the condition of Jackson street made it reasonably safe for ordinary travel, and that the injury to plaintiff was caused solely by the running away and uncontrolled condition of the horses and engine they should find for the defendant.

Because of the failure of the trial court to properly instruct the jury, the judgment is reversed and cause remanded for a new trial consistent with the opinion.