## Small v. Board of Council of City of Frankfort, et al.

### McKee v. Same.

(Decided May 13, 1924.)

### Appeals from Franklin Circuit Court.

Municipal Corporations—City Held Not Liable for Loss of Property by Fire.—A municipality is not liable in damages for loss of citizens' property by fire because it allowed street to remain in such bad repair that a fire engine could not reach property, and failed to provide sufficient hose to reach from nearest water hydrant.

DULIN MOSS for appellants.

JAMES H. POLSGROVE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

May a citizen, property holder, of a municipality recover damages of the city for the loss of his property by fire on an averment and proof that the city allowed the street leading to the property to become, be and remain

in such bad repair that the fire engine of the fire department could not travel it and thus reach the property after the fire alarm had been given, and further that the city, through its fire department, had failed to provide itself with sufficient hose to reach from the nearest water hydrant to the property, a distance of about 1,000 feet, which neglect of duty on the part of the city and its fire and street departments and other agencies, resulted directly and proximately in the loss of the property by fire? These two appeals present these questions.

This question has frequently arisen in the different courts of this country, and has uniformily been answered in the negative, so far as we are advised. The general rule as stated in the text books and cases exempts a municipality from such liability because the maintenance and operation of water systems and fire departments are for purely public purposes and exercised at the discretion of the city for the public good. Mr. Dillon, in his works on Municipal Corporations, says that for injuries arising from the corporation's failure to exercise its public legislative or police powers, and for the manner of exercising those powers, there is no remedy for damages against the municipality; nor can an action be maintained unless expressly given by statute for damages resulting from the failure of its officers to discharge properly and efficiently their official duties. A city therefore does not by accepting or acting under such a statute, and building its water works, enter into any contract with or assume any implied liability to the owners of property to furnish means or water for the extinguishment of fire upon which an action can be maintained. There is no liability by a city for loss sustained by fire where the wrongful act charged was neglect in cutting off water from a hydrant, but for which the fire might have been extinguished; or in failing to keep the reservoir in repair where the supply of water became inadequate, or because the pipes were inadequate or out of order, or because the officers and members of the fire department were negligent in the performance of their duties.

Vol. 3; Dillon on Municipal Corporations, 2300.

To the same effect are other texts. The extinguishment of fires is a function which a municipal corporation undertakes in its public, governmental capacity and in connection with which it incurs no civil liability, either for inadequacy in equipment or for the negligence of its

employes, says, 19 R. C. L. 1116.   We have no statutory authority for recovery of damages in such cases.

Some interesting and instructive cases as well as many notes may be found in 69 L. R. A. 653; 51 Am. St. Rep. 668; 30 Am. St. Rep. 399.

These cases are readily distinguishable from that line of cases of which the case of Paducah Lumber Company v. Paducah Water Supply Company, 89 Ky. 341, is a *conspicuous example,* where we held that when a water company contracts with the city to furnish at all times a supply of water sufficient for the protection of the inhabitants and property of the city against fire, the company must answer in damages for loss by fire resulting from its failure or refusal to perform its contract; and in an action to recover such damages, the inquiry is, whether, considering the purpose, character and capacity of the waterworks, and all the attending circumstances and agencies, the fire which destroyed the plaintiff's property could and would have been prevented or extinguished before doing damage if defendant had performed its contract.

In this case the house of Mrs. McKee took fire in some unaccountable way.   From it the fire was communicated to the Small home.   A fire alarm was given and the department promptly responded, but when it reached Crutcher street, upon which the burning house stood, the fire engine was unable to pass over it because of its defective condition, so it was alleged in the petition.   It was further averred that the city maintained a water system and a fire department, which latter department was under the charge of a chief whose duty it was to see that the department was equipped with the necessary apparatus for fighting fire, including water hose; that the city and its agents had neglected to perform their duties by failing to supply the city with a reasonably sufficient amount of hose to reach from the hydrants to burning buildings; that the city knew that its nearest water hydrant to appellant's property was about 1,000 feet, and that with this knowledge it failed and neglected to supply itself with sufficient hose to reach from the hydrant to the building; that it knew of the defective condition of its street leading to appellant's property, and with this knowledge failed to repair it although it knew that fire was likely to break out in that part of the city at any time to destroy appellant's property.

The trial court sustained a general demurrer to each of the petitions, and upon failure of appellants to further plead the petitions were dismissed, this appeal resulting.

The demurrer admitted all the facts sufficiently pleaded. Notwithstanding this no cause of action is stated, for the city is not liable because in the exercise of governmental functions its agents neglected to perform duties, incumbent upon them, thus allowing the street to become defective, as alleged in the petition, and failed to provide the fire department with a reasonably sufficient amount of hose for the purpose of extinguishing fires. It would be against public policy to allow recoveries in such cases against municipal corporations.

Judgment affirmed in each case.