## City of Bowling Green v. Bandy.

(Decided March 27, 1925.)

### Appeal from Warren Circuit Court.

1. **Municipal Corporations—City Not Liable for Negligence of Agents Discharging Governmental Functions.**—Ordinarily, cities are not liable for negligence of their officers and agents while discharging a governmental function.

2. **Municipal Corporations—City Liable for Negligence of Agents Engaged in Ministerial or Corporate Undertaking.**—City is liable for negligence of its officers or agents while engaged in ministerial or corporate undertaking not coming within discharge of its governmental functions, on same grounds as a private individual under same circumstances.

3. **Evidence—Court Judicially Knows Majority of Municipalities Perform Only Governmental Functions.**—Court judicially knows that great majority of municipal corporations in the state perform only governmental functions.

4. **Municipal Corporations—Servant Suing for Injuries Must Allege City was Not Performing Governmental Function.**—In servant's action against city for injuries sustained from a defective truck, plaintiff must allege that city was not engaged in performance of a governmental function when servant was injured.

5. **Pleading—Defect in Pleading Held Not Cured by Verdict.**—Failure to plead, in servant's action against city for injuries, that city was not engaged in governmental function when servant was injured, held not cured by verdict for plaintiff, where omission was not supplied by proof.

6. Master and Servant—Evidence of Former Employees as to Condition of Truck Held Incompetent.—In servant's action against city for injuries from defective truck, evidence of former employees as to defective condition of truck held incompetent, where it did not appear that truck about which they testified was same one that injured plaintiff, or that same conditions existed from time about which they testified until time of accident.

7. Master and Servant—Evidence Witness Saw Truck Dump at Certain Point in Street Held Incompetent.—In servant's action against city for injuries from defective truck, evidence that on a prior occasion witness saw truck dump at a certain point was incompetent, where he did not say that dumping was due to any defective apparatus or contrivance.

P. E. DIXON and RODES & HARLIN for appellant.

OLIVER & DIXON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee and plaintiff below, Raymond Bandy, a young man about twenty-one or twenty-two years of age, filed this ordinary action in the Warren circuit court against appellant and defendant below, City of Bowling Green, a city of the third class, to recover damages against it for personal injuries sustained by plaintiff while in the employ of defendant and which he averred were produced by the negligence of the city as his master, in failing to furnish him a safe truck with which to perform the work in which he was engaged at the time. Defendant's demurrer filed to the petition was overruled with exceptions, and in its answer it denied plaintiff's allegations and pleaded assumed risk and contributory negligence, both of which were denied by reply and upon trial the jury returned a verdict in favor of the plaintiff for the sum of $6,000.00. Defendant's motion for a new trial was overruled and from the judgment pronounced on the verdict it prosecutes this appeal.

Various supposed errors were relied on in the motion for a new trial, among which were (1), that the court erred in overruling defendant's demurrer filed by it to the petition and (2), incompetent evidence introduced by plaintiff at the trial over its objections and to which it excepted. The other errors relied on in the motion we do not think material or meritorious and we will, therefore, confine this opinion to the above numbered ones and will dispose of them in the order designated.

1. The petition, after stating plaintiff's employment by the city and the work in which he was engaged, which was the hauling of some metal piping from a railroad car to some unnamed point in the city, and which was done with a motor truck furnished by defendant to plaintiff and his fellow servant at the time, alleged "That while standing upon the rear end of the platform or bed' of said truck and in the discharging of his duty according to the order of the employees and agents, servants and legal representatives that this appliance or fixture or arrangement used for the purpose of dumping any load which might be on the said truck had become defective and worn and failed to perform its function and failed in the purpose for which it was intended and for which it had been used and for which it was placed upon this truck and that said failure of said appliance or fixture to hold down the bed, except it was desired to dump a load, was due to the negligence and carelessness of the defendants, its agents, servants and employees, in allowing it to become so worn and so defective and it failed to hold said bed or platform as it was designed to do and on account of said negligence in allowing this appliance or bolt or fastening to become so defective that it did not hold the bed or the platform, he was suddenly and without notice or warning while in the discharge of his duties as aforesaid violently hurled to the ground when the defective bolt or connection or equipment referred to, released or gave way suddenly and unexpectedly, thereby causing him to be violently thrown to the ground and the entire load of water pipes described herein followed and fell upon him." He then pleaded his injuries and averred that they "were caused by and on account of the gross negligence of the defendant through its agents, servants and employees," and by reason of which he was damaged in the sum of $15,000.00, for which he prayed judgment.

It will be observed that the averments of the petition follow the usual form in actions by servants against their masters who are engaged in individual private enterprises for personal gain, and thereby assumes that the defendant, municipality, is legally liable for negligent injuries produced by the carelessness of its officers, agents and servants the same as private individuals and concerns when similarly engaged in their private business. In other words, there is no recognition in the petition that, ordinarily and as a general rule municipal corpora-

tions are not liable for the negligence of their officers and agents, upon the ground that they are a part of the sovereignty and are delegated to perform such duties within the confines of their corporate limits by reason of which their undertakings are primarily exercised in the discharge of a governmental function and for which the municipality is not liable for the negligence or torts of its officers and agents committed while so engaged.

It will not be necessary to substantiate that statement with appended authorities, since it is recognized and applied by all courts, including this one, and is conceded in brief of counsel for appellee. We will content ourselves, therefore, by referring only to some of the many cases from this court in which the doctrine has been recognized and upheld. Jackson v. City of Owingsville, 121 S. W. 672; Schwalk's Admr. v. City of Louisville, 135 Ky. 570; Kippe's v. City of Louisville, 140 Ky. 423; City of Louisville v. Carter, 142 Ky. 443; Board of Council of Danville v. Fox, idem 476; City of Bowling Green v. Rogers, idem 558; Smith's Admr's v. Commissioners, etc., 146 Ky. 562; Braunstein v. City of Louisville, idem 777; City of Louisville v. Bridwell, 150 Ky. 589; Johnson's Admr. v. Commissioners of Sewerage, 160 Ky. 356; City of Louisville v. Hehemann, 161 Ky. 523; Gatewood v. City of Frankfort, 170 Ky. 292; Von Allmen's Admr. v. City of Louisville, 180 Ky. 441; Browder v. City of Henderson, 182 Ky. 771, and Phillips v. Ky. Utilities Co., 206 Ky. 151. The same authorities also hold, and the principle is equally well settled, that where a municipality embarks in a purely ministerial or corporate undertaking, not coming within the discharge of its governmental functions, it is liable for negligence of its officers or agents to the same extent and upon the same grounds that a private individual would be liable under the same or similar circumstances; but that principle upholding liability in such cases is an exception to the general rule as to liability of municipalties for its torts, committed in the manner indicated, and that exception is also admitted in briefs of counsel for both parties.

So that, the exact case is that the defendant is a municipality, which under our form and scheme of government is delegated with the power to perform sovereign or governmental function, within the territory of which it has jurisdiction; and in the performance of which it is exempt from liability for the character of acts

and consequent injuries for which liability and recovery is asked in this case. Nevertheless, under the law, as we have seen, there may be exceptional cases where liability would exist and where recovery might be had; but neither the petition alleged nor the proof established any fact to exclude the complained of conduct on the part of the city from the general rule of nonliability in such cases, or to bring it within the exception thereto. The question is, therefore, one of practice, *i. e.,* whether it is the duty of the plaintiff in such a case to show by his pleading and establish by his proof a case for which the municipality would be liable; or will it be presumed in the absence of such allegations that the case is one for which liability exists and requiring defendant to manifest its nonliability in its answer by averring that the duties of plaintiff when he was injured and on which he seeks recovery, were being performed as a servant of the city when it was engaged in the performance of a governmental function? Plaintiff contends that the latter is the correct rule, while defendant insists that the former is the correct one.

Independently of any direct authority or adjudged cases it would seem from general principles and rules of pleading that the position assumed by the defendant is the correct one, since the nonliability of municipalities for negligence or for a tort is the well settled rule, and in order to establish their liability, the one so seeking must do so under an exception to that rule. It is a universally known fact, of which we will take judicial notice, that the great majority of such corporations in this Commonwealth engage in no performances except those in the exercise of their governmental functions, and if any of them should do otherwise and engage in any kind of an undertaking for which they may possess authority and outside of their local governmental functions, it plainly appears to us that it would behoove the plaintiff, who is seeking to impose liability for negligence contrary to the general rule, to aver facts sufficient to manifest his right to do so.

But we are not without express authority for that position. In the text found in 28 Cyc. on pages 1465, 1466 it is said: "He (plaintiff) should allege with reasonable certainty facts and circumstances showing that defendant was a municipal corporation; . . . that it was not in the performance of a governmental function," etc. In 19 R. C. L., pages 1082, 1083, par. 368, the text

on the point says: "It has been held that as there is no general liability of municipal corporations in actions of tort for the acts of its officers or servants, they cannot be held on the common counts and in the ordinary forms of action without the allegation and proof of the existence of the particular circumstances and conditions under which municipalities may be held civilly liable in actions of tort." The text in Dillon's Municipal Corporations, 4th edition, sec. 974, is to the same effect. The Supreme Court of Oregon in the case of Caspary v. City of Portland, 19 Oregon 496, 24 Pac. 1036, 20 A. S. R. 842, had before it the precise question of practice now under consideration and in disposing of it contrary to the contention of plaintiff's counsel herein, the court said: "We think the better rule of pleading in such actions is to allege in the complaint the facts upon which the pleader relies for a recovery; in other words, to plead specifically. In any event, enough must be alleged to show that the city was *not* acting in its *governmental capacity* as one of the agencies of the state in enforcing the necessary health and police regulations within its limits, and that the wrong complained of was done by an officer of the city while in the legitimate exercise of some duty of a corporate nature which was devolved upon him by law or by the direction or authority of the corporation."

In the very recent case of the City of Tuscaloosa v. Fitts, 209 Ala. 635, 96 S. R. 771, the Supreme Court of Alabama had before it a case involving very similar facts to those appearing herein. In that case the plaintiff alleged generally that he sustained the injuries, for which he sought recovery, through the negligence of an employee of the city in driving a wagon with which he was hauling trash and garbage. There were a number of counts in the complaint (corresponding to the petition under our practice), but in none of them did plaintiff aver that the servant for whose negligence he sought recovery was engaged in any duty for which the city would be liable, and the court held the complaint demurrable, saying "Each count, to be sufficient under demurrer, should affirmatively aver facts showing the liability of the defendant." Following that the opinion points out that the defendant, as a municipal corporation, is delegated with certain governmental duties in the negligent performance of which it is not liable because "These are governmental functions, delegated by the legislature to municipalities," etc. Further along it is said: "Each

count should allege facts showing the purpose for which the wagon and mule were being used by the city's agent at the time of the injury to the glass. This purpose should be the performance of a ministerial work, and not a governmental function of the city, and it should affirmatively appear to be a negligent performance of a ministerial act.'' That statement is followed by the citation of a number of prior opinions from the same court. In stating its final conclusion the court said: ''Nothing appearing in any one of these three counts to the contrary, it will be presumed by the court that this 'trash wagon' . . . was run by the city, the defendant, when the injury occurred in the exercise of its legitimate governmental powers. . . . This wagon and mule, nothing appearing in any one of the counts to the contrary, may have been used at the time the injury occured to remove from the streets and alleys all the trash and garbage of all kinds that would contaminate the atmosphere and breed disease and pestilence. If so, then its servant would be exercising a governmental function in using the wagon and mule for that purpose, and the defendant would not be liable for the injury which occurred while the city was so doing. Neither count avers any facts showing a right to recover damages from the city for the injury to the glass, and the demurrers pointing out these defects in each of the counts should have been sustained.''

The only domestic case in which we appear to have given any expression upon the question of practice involved is the Schwalk case, *supra*, which was one to recover damages for the death of plaintiff's intestate produced by the alleged negligence of the city in the maintenance and operation of its elevator, which it operated in the city hall. Liability of the city, which was the defendant in the case, was denied by us upon the ground that the maintenance and operation of the elevator was in discharge of its governmental function and in the course of the opinion we said: ''If it could be demonstrated *by allegation and proof* that the building in which the intestate met his death is maintained by appellee merely as an investment for profit, expected to be realized by its sale or in the way of rents from private persons occupying it as tenants, or if it were devoted to any other use for which appellee charged and received remuneration, manifestly appellant's contention that, with respect

to its liability for the death of the intestate, appellee should be regarded as on the footing of a private corporation, would be sound." It therein appears that this court was of the opinion that before liability could be legally asserted against a municipality for the torts of its officers or agents the one so asserting it must do so by both "allegation and proof," which, of course, means that he must both allege and prove such a state of facts as will produce liability against the municipality.

Counsel for plaintiff relies for his position upon the case of Jones v. Sioux City, 185 Iowa 1178, 170 N. W. 445, 10 A. L. R. 474, but our careful reading of the opinion has convinced us that it is not applicable to the facts of this case, nor is it authority for the contention made by plaintiff's counsel. In the first place, there were dual acts of negligence complained of in that case, for one of which the city was liable in any event, it being a defective street alleged to be due to the city's failure to properly maintain it, and the failure to perform such duty being everywhere held to be actionable. In the second place, the question was not really raised in the case, since the defendant answered relying upon its general non-liability in the performance of governmental functions without insisting upon the defects in plaintiff's pleading, but which it could not do therein because plaintiff sustained his injuries on account of defective streets due to defendant's negligence. Lastly, it appeared from the proof therein that the operation of the police wagon that collided with plaintiff was not in the performance of governmental functions, but was done in furtherance of an undertaking for which the city was liable under the *exception* to the general rule, *supra.* If, however, that case was one directly in point in every respect we then would be unwilling to follow it in the light of the authorities to the contrary and which we think are supported by the better reasoning.

Whether in this case we would be willing to reverse the judgment because of plaintiff's defective pleading, if the proof in the case clearly showed that the act complained of was one for which the city of Bowling Green would be liable, under the exceptions to the general rule as to such liability, we need not determine, since nowhere in the proof is it made to appear for what purpose the piping that plaintiff was engaged in hauling was intended to be used by the city, and for aught that appears anywhere in the record, either from the pleadings or the

proof, it may have been intended to be used for a governmental purpose, and it cannot, therefore, be said that the verdict cured the defect in the pleading. For the same reason we are not called upon to define what is or what is not a governmental function for which the city may be liable, since such an attempt on our part, without either allegation or proof presenting the question, would be pure *dictum.*

2.   Under this ground, evidence of former employes as to the condition of the automobile truck with reference to its defective apparatus was introduced by plaintiff. Some of the witnesses had not worked for the city for as much as or more than two years and their testimony leaves it extremely doubtful if the truck about which they testified was the same one that injured plaintiff, and, even if they had been more explicit on that point, then there was a failure to show that the same conditions existed as to that particular truck from the time about which they testified, until the time of the accident resulting in plaintiff's injuries.   Another witness testified, or one of the same ones, that on a prior occasion he saw one of the trucks of the city, and perhaps the same one, dump at a certain point in the street, but he did not say that the dumping was due to any defective apparatus or contrivance with which the truck was then equipped, nor did he show that it was purely an automatic dumping and not one intentionally produced by the operator of the truck at that time.

Upon another trial of the case, if there should be one, such evidence should be excluded, unless additional testimony is introduced as above indicated so as to render the testimony by those witnesses competent as bearing upon the condition of the truck at the time plaintiff was injured and defendant's knowledge, or opportunity for knowledge, of that condition. Other errors relied on may not happen upon a second trial and we expressly refrain from passing upon them.

Wherefore, the judgment is reversed, with directions to sustain the motion for a new trial, to sustain the demurrer filed to the petition, and for proceedings consistent with this opinion.