## Young v. City of Lexington.

(Decided January 22, 1926.)

### Appeal from Fayette Circuit Court.

1. Municipal Corporations—Negligence of Members of Fire Department Not Actionable.—Operation of fire department by city, which has adopted commission form of government, pursuant to Ky. Stats., sections 3235c-1, 3235c-16, is governmental rather than administrative, and city is not liable for negligence of members of fire department.

2. Municipal Corporations—Firemen on Way to Fire Engaged in Governmental Duty.—Firemen on the way to a fire are engaged in a governmental duty as respects city's liability for negligence.

FRANKLIN, TALBOTT & CHAPMAN and JAMES A. DIXON for appellant.

JAMES A. WILMORE, WM. H. TOWNSEND and GUY HUGUE-LET for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Appellant began this action against the city of Lexington, and asked for $10,000.00 damages for injuries sustained by him as hereinafter stated. A demurrer was sustained to his petition, and he has appealed. The city

of Lexington is a municipal corporation, and is under the commission form of government. It owns and operates a fire department and various trucks and other equipment usually used in fire-fighting. The plaintiff, an employe of the Kentucky Traction and Terminal Company, was stationed at the corner of South Broadway and the L. & N. railroad tracks. His post of duty was on the east side of South Broadway, where a small shed, on the sidewalk even with the building line, was provided for the shelter of the railroad watchmen and the employes of the traction company. An engine or fire truck belonging to the defendant, while going south on South Broadway, on the west side of the street, got out of the control of the employes of the city operating it, ran across the street from the west side to the east side, struck a telephone pole and the shed in which the plaintiff was at the moment, and threw both down upon him and inflicted the injuries complained of here. It is alleged that this happened because of the gross negligence and carelessness of the city employes operating the truck.

Defendant is a city of the second class, and pursuant to permission given it by section 3235c-1, Kentucky Statutes, it had adopted the commission form of government, and its government is administered by commissioners, and the administrative functions of the city are classified under five departments, as set out by section 3235c-16 of the Kentucky Statutes. The question which the plaintiff presents in this case has never before been decided by this court. The question is, whether the adoption of the commission form of government makes the operation of a fire department and its apparatus administrative rather than governmental. The plaintiff contends that in maintaining a fire department, the city is not an organ of the state, but is a quasi private corporation, and that it should be held answerable for the negligence of the members of that department.

A few years ago the Supreme Court of Ohio, in the case of Fowler v. Cleveland, 100 Ohio St. 158, 9 A. L. R. 131, 126 N. E. 72, took this view of the matter, and departed from a long line of decisions in that state holding to the contrary. This decision was followed in the case of Kaufman v. Tallahassee, 84 Fla. 634, 30 A. L. R. 471, 94 So. 697, and in other cases from that state. Later, in the case of Aldrich v. Youngstown, reported in 106 Ohio St. 342, 140 N. E. 164, 27 A. L. R. 1497, the Ohio court overruled the Fowler case, and returned to its former

holdings. The reasoning in the Aldrich case appears to us to be sounder than the reasoning in the Fowler case, and we shall follow it. We can see no good reason for holding that there is any difference between the administration of the affairs of a city under the commission form of government and the administration of its affairs under the councilmanic form of government, and having reached this conclusion, it follows that the action of the trial court in sustaining a demurrer to the plaintiff's petition was correct, because the plaintiff failed to allege that the defendant was not at that time performing a governmental function. City of Bowling Green v. Bandy, 208 Ky. 259, 270 S. W. 837.

We can well understand that the plaintiff could not have alleged that, for he did allege that this engine or truck was at that time answering a fire alarm, and in the cases of Board of Councilmen of Frankfort v. Bowen's Admrx., 205 Ky 309, 265 S. W. 785, and Small v. Board of Council of City of Frankfort, 203 Ky. 188, 261 S. W. 1111, 33 A. L. R. 692, this court held that the fireman on the way to a fire were engaged in a governmental duty. These cases are in harmony with former holdings of this court. Greenwood v. Louisville, 76 Ky. (13 Bush) 226, 26 Am. Rep. 263; Davis v. City of Lebanon, 108 Ky. 688, 57 S. W. 471; Hazel v. City of Owensboro, 30 Ky. Law R. 627, 99 S. W. 315, 9 L. R. A. (N. S.) 235; cases cited in Bowling Green v. Bandy, *supra.*

It follows that the judgment must be affirmed.