Dorothy HAGAN, Appellant,

v.

The CITY OF OWENSBORO, Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 8, 1954.

The facts are not in dispute. The driver of the truck, one Barnes, had a helper by the name of Riley. On the morning of the accident Barnes and Riley performed their usual duties of collecting garbage for the City. At noon, Barnes used the garbage truck to drive Riley to his home for lunch. He then drove the truck to his own home and ate lunch. Both Barnes and Riley lived within the City. After eating his lunch, Barnes returned with the truck to Riley's home to take Riley back to work. Riley was not feeling well and decided not to return to work that afternoon. Barnes was en route from the Riley home to his place of work when the accident occurred.

E. B. Anderson and John B. Anderson, Owensboro, for appellant.

George S. Wilson, Jr., William L. Wilson and Joseph H. McKinley, Owensboro, for appellee.

COMBS, Justice.

A garbage truck owned by the City of Owensboro, driven by a City employee, collided with another vehicle and then struck the plaintiff, Dorothy Hagan. Plaintiff's action against the City for personal injuries was dismissed on the ground that the driver of the truck at the time of the accident was engaged in a governmental function.

Plaintiff concedes that a municipality is not liable in damages for the acts of its agents engaged in a governmental function. It is also conceded that the driver of this truck, while in the actual performance of his duties in collecting garbage, was engaged in a governmental function. But plaintiff contends that at the time of the accident in which she was injured the driver of the truck was engaged in a ministerial or corporate function, as distinguished from a governmental function.

It is the general rule, of course, that a municipality is not liable in damages for the torts of its agents while they are engaged in the performance of a governmental function. It is equally as well settled that when a municipality embarks on an enterprise not falling within the scope of its governmental functions it is responsible in damages for the negligence of its agents and employees to the same extent as would be an individual. City of Bowling Green v. Bandy, 208 Ky. 259, 270 S.W. 837, and cases cited in that opinion. Annotation 156 A.L.R. 702.

It seems to us that Barnes, in driving his helper to his home for lunch and returning for him, under the circumstances here shown, was performing a governmental function. There was a direct and causative connection between driving the helper to lunch and the collection of the City garbage. Barnes' acts were calculated to expedite collection of the garbage which was a governmental function he was employed to perform. The cases cited by plaintiff in support of her contention are not in point.

The judgment is affirmed.