Major, J.
This claim, filed July 15, 1953, alleges that the State of New York was negligent in failing to provide a suitable access to Lindbergh Road in the village of Nedrow, from the north lane of State highway known as Route 11, which delayed and forced the Nedrow Volunteer Fire Department to take a circuitous route to extinguish a fire at claimants’ residence.
On April 17, 1953, at about 4:45 p.m., claimant William B. McAfee, Jr., arrived at 201 Lindbergh Road in Nedrow, town of Onondaga, New York, where he resided with his wife, claimant Margaret J. McAfee, and their infant daughter. The claimants decided to have a fish dinner. Mrs. McAfee placed a frying pan with about a pound of lard therein on an electric stove for some French fries, and turned on the burner to heat the lard. This stove was located in the kitchen immediately under wooden cupboards. About five minutes later, claimants, with their daughter, left in their car to purchase ready-cooked fish at “ Bill’s Inn ”, located on South Salina Street about twenty blocks from their residence. They went by way of Lindbergh Road to Ida Street, to Dorwin Avenue, and thence along South Salina Street. They parked their car, purchased the fish, and then returned home by way of Seneca Turnpike and Valley Drive. This trip took considerable time. Upon returning home, claimants found the *547 wooden cupboards over the stove were on fire, and burning upwards into the ceiling. Claimant Margaret J. McAfee, the only person appearing to have operated the stove, testified that before leaving for “ Bill’s Inn”, she turned on the switch to control the heat under the lard, but did not know whether she turned the switch off or turned it to a higher position. The hot grease ignited, causing the fire and resulting damage. Under these circumstances, claimants were negligent in leaving grease on the hot stove. This negligence was the proximate cause of the fire and loss involved herein.
Lindbergh Road is four or five blocks long, and extends westerly from South Salina Street, which is also known as Route 11. Claimants’ home is in the second block, west of Salina Street. Ida Street extends northerly from Lindbergh Road, a short distance to Dorwin Avenue, which connects with Salina Street. Two routes of access connect claimants’ home with Route 11, viz: (1) by way of Lindbergh Road; and (2) via Dorwin Avenue and Ida Street.
At the time of the fire, Route 11 was being reconstructed by the State through an independent contractor. The contract provided that the contractor must maintain traffic. The State is under a duty to maintain its highways in a reasonably safe condition for travel, and cannot delegate its responsibility. (Neddo v. State of New York, 194 Misc. 379, affd. 275 App. Div. 492, affd. 300 N. Y. 533.) The construction work involved the intersection of Lindbergh Road and Route 11, but did not involve the intersection of Dorwin Avenue and Route 11. The Nedrow volunteer fire department station was located on the easterly side of Route 11 south of the Lindbergh Road and Route 11 intersection.
Claimants contend that the intersection of Lindbergh Road and Route 11 was in such a condition that the fire apparatus could not turn into Lindbergh Road, was forced to take the longer route of Dorwin Avenue and Ida Street, consuming more time and thereby permitting the fire to increase the ultimate damage. The evidence on such damage is based entirely on conjecture and speculation.
The Nedrow postmaster, a captain in the fire department, drove the fire truck from the station north on Salina Street, into Dorwin Avenue, across Ida Street to the fire. From the time the fire truck left the station until its arrival at the fire, it made no stops. The fire truck was of an unusual construction as compared with the ordinary and usual truck. In about the middle of the underside of the truck, valves and pump drain projected *548 downward. On the rear was a low-hanging step. On previous occasions, the driver had experienced that in going over a drop-off, such as he saw on reaching Lindbergh Road, these valves and pump drain would drag. The State had no notice of such condition. Without stopping, the driver decided not to turn into Lindbergh Road, and proceeded to Dorwin Avenue. The driver testified that he did not take much time to determine the extent of the drop-off at the intersection, but expressed an opinion that it was at least a foot, without explanation as to whether it was sharp and sudden, or just a gradual slope, saying further that the fire truck could have been negotiated into Lindbergh Road, but it might have dragged in the middle.
The State’s liability for damages to person and property resulting from planning, construction and maintenance of a State highway system does not exist at common law, but must be predicated upon an affirmative constitutional or legislative assumption. (Seelye v. State of New York, 178 Misc. 278, affd. 267 App. Div. 941; Neddo v. State of New York, 194 Misc. 379, affd. 275 App. Div. 492, affd. 300 N. Y. 533, supra; Voorhis v. Cornell Contr. Corp. 170 Misc. 908.)
This court can find no assumption of liability falling within the circumstances and conditions of this claim. The reconstruction and repair of Route 11 was being carried on in compliance with legislative authority and direction.
The State is not liable for damages caused by fire, due to the impediment or delay of fire apparatus by reconstruction or repair of the highway under legislative authority. (Small v. Board of Council of City of Frankfort, 203 Ky. 188; Hazel v. City of Owensboro, 99 S. W. 315 [Ky.].)
The motion of the State is granted, and the claim herein is dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.