**Alberta SMITH et al., Appellant,**

v.

**CITY OF LEXINGTON, Kentucky, a Municipal Corporation, Appellee.**

Court of Appeals of Kentucky.

Nov. 22, 1957.

Jesse K. Lewis, John C. Anggelis, Lexington, for appellant.

John R. Cook, Jr., Foster Ockerman, Lexington, for appellee.

MOREMEN, Chief Justice.

Appellant, Alberta Smith, and others instituted action against appellee, city of Lexington, for injuries alleged to have been sustained from a collision which occurred at an intersection of streets in that city between an automobile driven by appellant and a vehicle owned by the city of Lexington and operated by the fire department in connection with First Aid and

Emergency Rescue Service. Upon a motion for summary judgment, it was adjudged that the city, through its fire department and employees, in carrying on First Aid and Emergency Rescue Service, was engaged in a governmental function and, therefore, was not liable in an action sounding in tort.

On the day of the accident, Alvin A. Johnson, an employee of the fire department, was sent by his superior officer, in response to a call, to the residence of Mrs. Stamper on Tennessee Avenue for the purpose of rendering first aid. When Johnson and another employee arrived at the home of Mrs. Stamper they found that she had a nosebleed and he and the other employee, at her request, put her in a vehicle belonging to the city and started with her to the Good Samaritan Hospital. The accident happened at an intersection within a few hundred feet of the hospital.

The question for determination on this appeal is whether the operation of an emergency first aid rescue squad by a municipality may be classified as being an exercise of a governmental function of the city as differentiated from one proprietary in character.

■ A city is generally granted the same immunity against claims for damages for its acts done in its governmental capacity as is enjoyed by the state in such matters. When acting in its proprietary capacity, however, it is liable for its torts in the same manner as is a private corporation.

■ The line which marks the distinction between the public or governmental and the private or proprietary side of a municipal corporation, it has been said, is often quite difficult to discern. City of Hazard v. Duff, 287 Ky. 427, 154 S.W.2d 28. The reason for this difficulty, no doubt, lies in the fact that the courts have never been able definitely to devise a formula to aid in classification. It has been said that the character of a municipal function as public or private depends upon whether it was undertaken primarily for the benefit of the community as individuals or primarily for the benefit of the municipality as a corporation. McQuillan on Municipal Corporations, Vol. 18, § 53.29.

Under this rule, it is hard to determine why the courts have so confidently held that the establishment and maintenance of schools, hospitals, fire departments, and police departments are governmental in character while, on the other hand, they have said that the construction and maintenance of municipal water and light plants, the cleaning of streets, the construction and maintenance of sewers and the operation of sewage disposal plants and the maintenance of streets (when no statutes exist to the contrary) are proprietary in character and subject to general tort liability.

■ This commonwealth, however, is generally committed to the theory that when a city engages in an activity which relates primarily to the health and welfare of its citizens, it is protected by a sovereign immunity, and we have specifically found that a city fire department is engaged in such work. City of Louisville v. Bridwell, 150 Ky. 589, 150 S.W. 672. For further discussion of this subject, see V. T. C. Lines, Inc., v. City of Harlan, Ky., —— S.W.2d ——.

■■ Once having classified a department of the city, we have considerable doubt as to whether it is within the judicial province to examine every activity of that department and decide whether the judgment of the management of that department conforms to our notion of whether an activity relates primarily to the health and welfare of the citizens, or is a private activity. If we had such a right, it would be very easy to reach a conclusion that the operation of a first aid and emergency rescue service in connection with the fire department or, for that matter, a police department is a proper exercise of governmental function. It was shown by an affidavit that many first aid calls are received

and serviced by the Lexington Fire Department and it was further set forth that at least 139 cities and towns in the United States operate a service similar to that offered by the city of Lexington. Furthermore, we think it is a matter of such common intelligence that this court may properly judicially notice that few general alarm fires are without accident and that first aid to the injured is required in some degree at practically all of them. It is, therefore, a necessary part of the operation of a fire department.

We have concluded that the motion for summary judgment was properly sustained and the judgment is affirmed.