## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Lillian Goode

v.

City of Alexandria

July 9, 1984

Case No. (Law) 8826

By JUDGE ALBERT H. GRENADIER

This is a suit brought against the City of Alexandria for injuries allegedly sustained by the plaintiff while she was a passenger in a City van transporting her to the Health Department for treatment. The primary issue in this case is whether the City is immune from liability under the doctrine of sovereign immunity.

In Virginia a municipality acts in a dual capacity, the one governmental and the other proprietary. It is immune from negligence in performing or failing to perform governmental functions. It is not so immune with respect to proprietary functions. Where governmental and proprietary functions coincide, the governmental function is the overriding factor. *Taylor v. City of Newport News*, 214 Va. 9 (1973).

The test used in determining whether the function is governmental or proprietary is whether or not the act is performed for the common good. *Hoggard* v. *City of Richmond*, 172 Va. 145 (1939). The Supreme Court of Virginia has not yet ruled on the precise issue in this case. However, it has ruled that the preservation of the public health and the care of the sick are governmental functions. *City of Richmond* v. *Long's Adm'rs.*, 58 Va. (17 Gratt.) 375 (1867); *Ashbury* v. *Norfolk*, 152 Va. 278 (1929). Clearly, the City has

authority to provide for the physical well-being of its citizens. Under § 15.1-860 Code of Virginia "A municipal corporation may provide for the care, treatment, support and maintenance of the sick, of children, the aged, insane, destitute and indigent."

However, where it is necessary that patients be transported to the health department facility for the purpose of receiving treatment, such transportation seems but a logical extension of rendering health care, granting to such activity the status of a governmental function.

The vast majority of cases that involve transportation of the sick or injured concern emergency transportation. *Brantley* v. *City of Dallas*, 545 S.W.2d 284 (Tex. Civ. App. 1976); *Dugan* v. *Kansas City*, 373 S.W.2d 175 (Mo. App. 1963); *Smith* v. *City of Lexington*, 307 S.W.2d 568 (Ky. App. 1957). In each case it was held that the municipality was engaged in a governmental function. The Court perceives no distinction between emergency transportation and non-emergency transportation on the issue of whether a governmental function is being pursued.

In *Hagerman* v. *City of Seattle*, 189 Wash. 694, 66 P.2d 1152 (1937), a truck driven by an employee of the city's public health department collided with the plaintiff. The accident occurred while the driver was delivering food, linen and medical supplies to a hospital partly maintained by the city. The court held that the operation of the truck was essential to the care, comfort and treatment of the patients and was a governmental function.

The function of the Alexandria Health Department van, like the truck in *Hagerman* was ". . .to aid in the service to which the health department was dedicated." *Id*. at 1156. As the preservation of public health is a governmental function it must follow that the transportation of citizens for non-emergency medical care is likewise a governmental function.

Counsel for the plaintiff argues that even if the City is performing a governmental function, it may nevertheless be liable for the acts of its agents if they are performing ministerial, nondiscretionary acts. This argument is without merit. No individuals have been sued in this case. Thus, the issue of whether the task in question involved the use of judgment

and discretion is irrelevant. Such a question arises only when an individual employee or agent of the state or municipality is sued. See *Bowers* v. *Commonwealth, Dept. of Highways & Transportation et al.*, 225 Va. 245 (1983); *James* v. *Jane*, 221 Va. 43 (1980); *First Virginia Bank, Colonial* v. *Baker*, 225 Va. 72 (1983).

For the reasons stated above, the Court is of the opinion that the City is immune from suit under the facts in this case and the motion to dismiss will be granted.