## City of Louisville v. Pirtle.

March 24, 1944.

554

Hal O. Williams for appellant.

Gavin H. Cochran and Peter, Heyburn & Marshall for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On September 28, 1941, the appellee and plaintiff below, and her husband were each riding horseback over the boulevards and bridle paths of Iroquois Park in the city of Louisville. While riding along one of the latter, and over a bridge or culvert across a small stream, a front foot of the horse on which plaintiff was riding broke through the culvert, or bridge, throwing her from her horse whereby she sustained painful and serious injuries.

At that time the parks of the city were managed, controlled and superintended by a Board of Park Commissioners which was provided for and established as a part of the charter of the city. But by Chapter 34 of the Acts of 1942 the charter of cities of the first class were amended in many respects, including the abolition of the theretofore corporate entity and municipal agency known as "The Board of Park Commissioners," and the title to all park properties was transferred from it to the city, to be managed by the

''Department of Public Parks and Recreation'' but which department was not made a corporate entity.

On September 26, 1942 (lacking two days of being a year from the sustaining of her injuries), plaintiff filed this action against the city as the successor of the former Board of Park Commissioners, in which she sought the recovery of damages against defendant which she placed at $10,000. The defenses interposed by the city—in addition to a denial of the material averments of the petition—were: (1) That the acquisition and maintenance of the city parks, including Iroquois Park, was the exercise of the governmental function for which the city would not be liable for negligence committed by its agents and servants having charge of the park, and (2) that plaintiff did not within 30 days of sustaining her injuries give notice to the old Board of Park Commissioners, as is directed in sec. 411.110, KRS, which was a part of an enactment of the Legislature at its 1940 session, c. 123, and applies to tort actions against cities. The court overruled defenses (1) and (2) and submitted the issue of liability of the defendants as based on negligence of its agents and servants in not maintaining the bridge or culvert along the bridle path upon which plaintiff was riding at the time in a reasonably safe condition. The jury returned a verdict in favor of plaintiff against the city for the sum of $4,000 which the court declined to set aside on its motion for a new trial and from the judgment and the verdict upon which it was based, the city prosecutes this appeal.

There is considerable authority—as well as logic—supporting ground (2) as based on the theory that the old Board of Park Commissioners, having charge of Iroquois Park at the time was nothing but a corporate agency of the city in performing its governmental functions, and that the fact that it was made a corporate agency did not convert it into a separate integral municipality, or in any wise detract from its being only a municipal agency for the management and maintenance of public parks, as well as title holder to the city's park property. But, since we have concluded that the old Board of Park. Commissioners could not have been held liable under the facts of this case, even if it had continued in existence, unless the city itself would be liable if it had been sued in an action brought against

it for the same injuries, we will not attempt a final determination of ground (2).

Turning now to ground (1), there can be no denial of the fact that the procuring and maintaining of public parks by cities is the performance of a governmental function. The proposition is affirmed by all text writers, and by all courts so far as we are aware. That a city is not liable for negligence of its agents discharging governmental functions has been held by us in an unbroken line of opinions, examples of which are: City of Bowling Green v. Bandy, 208 Ky. 259, 270 S. W. 837; White v. City of Hopkinsville, 222 Ky. 664, 1 S. W. 2d 1068; Board of Park Commissioners v. Prinz, 127 Ky. 460, 105 S. W. 948, and other cases listed under the heading of "Municipal Corporations," vol. 14, West's Kentucky Digest, Municipal Corporation, key 745½. Later cases are listed in the supplement to that Digest volume under the same key number, some of which are: Pelfrey's Adm'x v. City of Jackson, 291 Ky. 161, 163 S. W. 2d 300; Bogart's Adm'x v. City of Newport, 234 Ky 410, 28 S. W. 2d 489; Murphy v. Phelps et al., 241 Ky. 339, 43 S. W. 2d 1010, and City of Danville v. Vanarsdale, 243 Ky. 338, 48 S. W. 2d 5.

But the same cases, and others, recognize an exception to such immunity in the case of the exercise of governmental functions in maintaining in a reasonably safe condition the city's public streets and ways, which is a duty imposed upon it by law and for which it is held liable for any injury produced by its negligence in failing to do so. In that case liability attaches to the municipality notwithstanding its violated duties appertain to the performances of a governmental function. If, therefore, the bridle path located exclusively within Iroquois Park could be considered as a public street, or other public way which the city was compelled to maintain for the benefit of travelers thereon as a part of its public ways, then the city would be liable in the case, otherwise not. The Prinz case, supra, is direct authority for the proposition that the old Board of Park Commissioners of the city of Louisville could not be held liable for its negligence or that of its agents or servants in the performance of the functions of the Board, unless its principal, the city of Louisville, was itself liable, thus unifying their respective liabilities, notwithstanding the agent was a corporate one.

Turning now to the question of whether the bridle path in this case was a part of the public ways of the city, which it was under a duty to maintain, we find the law as stated in 39 Am. Jur. 839, sec. 43, to be: "The question of municipal liability for injuries sustained as the result of defective conditions in walks or paths in public parks appears to be governed by a consideration of the nature of the walk or path as part of the public highway. Under the rule of immunity in the exercise of governmental functions, recovery may be denied a person injured by the defective or negligent condition of a pathway constituting part of a public park and not a public highway."

In note (3) to that text a number of authorities are cited in support thereof, among which are annotations in 29 A. L. R. 879; 42 A. L. R. 265, and 99 A. L. R. 699. The subdivision of the annotations in which that question is treated is number IX. Some of the cases cited in the annotations—as well as others cited to the text— sustained plaintiff's right to recover; but only upon the theory that the pathway upon which plaintiff was traveling and sustained his injuries because of a defect therein, was, under the facts of the case, held to be a part and portion of the public ways of the city which it was under a duty to maintain, and for a failure of which it would be liable to the injured traveler for all injuries he sustained by the city's neglect to perform its duty. Such cases hold that public thoroughfare running from a point outside of the park to another one also outside of it, but traversing the park, is nevertheless a public way which the city should maintain, even that portion of it exclusively within the park limits. However, the same cases emphasize the point that if the traveled way was located exclusively within the area of the park, and forming no part of the public ways of the city passing through the park, the city would not be liable for the safe maintenance of any such recreational facilities that it may have provided for park visitors, and for their convenience while recreating within the park, and which holding is based, we repeat, on the theory that such exclusively encompassed ways form no part of the public streets and ways of the city. The bridle pathway involved in this case was exclusively such an internal recreational facility forming no part of a city street, which was maintained by the city in the exercise of its governmental function in providing and

maintaining its public parks, and the law generally, as we have seen, is that the visitor in such parks must accept such facilities as he finds them. Support for the conclusion expressed could be increased were we to enter more extensively into the discussion of the question; but, since the rule, as we have stated it, is shown to be the correct one, as the authorities to which we clearly point out—and which other text writers and authorities approve—we feel that it would be an unnecessary extension of the opinion to refer to them.

The court therefore erred in not sustaining defendant's motion for a peremptory instruction in its favor, and for which reason the judgment is reversed with directions to set aside the judgment and to dismiss the petition.

The whole court sitting, except Judge Tilford.