**Walter BAKER, Appellant,**

v.

**CITY OF LEXINGTON et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 21, 1958.

James R. Richardson, Darrell B. Hancock, Lexington, for appellant.

Rufus Lisle, Foster Ockerman, John R. Cook, Jr., Lexington, for appellees.

CLAY, Commissioner.

Plaintiff appellant sought recovery against appellee City of Lexington for personal injuries sustained when he tripped on a strand of wire across a pathway in a city park. The trial court gave summary judgment for the city.

On this appeal plaintiff admits that we have consistently held the maintenance of parks is a governmental function, and cities are immune from liability for negli-

gence with respect thereto. See City of Louisville v. Pirtle, 297 Ky. 553, 180 S.W.2d 303. It is argued by plaintiff that this doctrine of municipal immunity is unsound, and upon reconsideration of the problem, we should abandon it. Since the filing of the briefs in this action, we have twice had occasion to carefully reconsider the rule, and though criticizing it, have declined to change it. Smith v. City of Lexington, Ky., 307 S.W.2d 568; V. T. C. Lines, Inc. v. City of Harlan, Ky., —— S.W.2d ——. These two cases dispose of plaintiff's first contention.

It is next urged that the maintenance of the wire over which plaintiff stumbled constituted a nuisance, and the doctrine of municipal immunity should not apply. This is simply an attempt to circumvent the doctrine by giving the negligent act another name. Even if the condition arose to the dignity of a nuisance, which we seriously doubt, the basis of plaintiff's claim is still the negligence of the city. This ground for reversal is without merit.

Finally plaintiff contends that the city may not claim immunity because he was injured while departing from the Park's auditorium where he had gone to transact business. The auditorium is leased by the city for private pecuniary profit, and it is claimed that the city had abandoned the governmental function with respect to its operation. This question might be properly presented if the plaintiff had been injured in the auditorium. However, he had departed from the auditorium premises, and his claim stands on the same footing as any other member of the general public.

We believe the trial court properly adjudicated the issues in granting summary judgment for the city.

The judgment is affirmed.