**KENTUCKY LAKE VACATION LAND, INC., et al., Appellants,**

v.

**STATE PROPERTY AND BUILDINGS COMMISSION et al., Appellees.**

Court of Appeals of Kentucky.

March 25, 1960.

Lovett, Lovett & Lovett, Benton, for appellants.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellees.

MONTGOMERY, Chief Justice.

The State Property and Buildings Commission, by resolution, authorized a $3,500,000 revenue bond issue for the purpose of constructing improvements and facilities in certain designated state parks. The appellants, a group of businessmen and a corporation, suing in their individual capacities as citizens and taxpayers and also as owners of private vacation facilities, questioned the legality of the proposed issue in a declaratory judgment action. The Department of Conservation—Division of Parks is referred to as Division of Parks. Appellees are referred to herein as the Commission. See KRS 56.440(1).

Appellees moved to dismiss the complaint for failure to state a cause of action and for lack of legal standing to bring the action. The motion was sustained on the express ground that the complaint did not state a cause of action. No question is now presented as to the capacity of the appellants to sue.

■ Before the court passed on the motion to dismiss, appellants' offer to file an amended complaint was refused. The offered pleading alleged additional grounds of attack on the legality and validity of the bond issue. CR 15.01 provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. This may be done without a court order. Clay, CR 15.01, Comment 2. A motion to dismiss is not a responsive pleading. CR 7.01 and 7.02. Ohio Casualty Insurance Co. v. Farmer's Bank of Clay, Kentucky, 6 Cir., 1949, 178 F.2d 570. The court erred in refusing to permit the amendment.

■ The amendment offered to the complaint will be considered in determining whether a cause of action was stated. The burden is on the one alleging error to show prejudice therefrom. Prewitt v. Wilborn, 184 Ky. 638, 212 S.W. 442. Unless the ruling is considered prejudicial, the error is not reversible. Connecticut Indemnity Co. v. Kelley, Ky., 301 S.W.2d 584.

The Commission's resolution was adopted June 23, 1958. The resolution was made in contemplation of an agreement designated as a "Contract of Lease and Rent" which was to be entered into by the Department of Finance and the Commission with the Division of Parks. The general purport of the resolution and agreement was that the Division of Parks pledged the revenue and receipts from all state parks and additions for the improvement of fourteen named state parks. The improvements were to be financed as "Revenue Bond Project No. 6" by the issuance and sale of revenue bonds by the Commission under authority of KRS 56.440–56.550.

The bonds were to be approved by the Commissioner of Finance. They were to be secured solely by pledge and first lien

on the gross revenue and receipts derived by the Commission from the rental of the property under the lease with the Division of Parks and such other revenues as might be available. It was provided that there was to be no lien on the physical properties involved and that the bonds did not constitute an indebtedness of the Commonwealth of Kentucky, the Commission, or Division of Parks.

The lease agreement and the resolution provided for the payment of an annual cash rental sufficient to amortize the cost of the improvements as evidenced by the revenue bonds. In the event that the annual minimum payments were not made, thereby jeopardizing the payment of the bonds and interest, the Commission obligated itself to "lease or cause to be used and occupied all or any part of said property by any other state agency or to others" for sufficient rentals to retire the indebtedness.

By the lease, the Division of Parks, in addition to the obligation of the annual amortization payment, agreed to maintain in good repair and keep the property insured at its own expense. In furtherance of the Commission's obligation to make and collect charges sufficient to retire the debt and pay the cost of operation, maintenance, repairs, and insurance, the Division of Parks bound itself in the lease to charge admission fees for entrance to the general use of the recreational facilities. These included fees to be charged for entry of persons and vehicles, as well as parking fees. These charges were to be in addition to fees charged for separate and specific recreational facilities.

Appellants contend first that the Commission is not authorized to issue revenue bonds for the purpose proposed since such authority is specifically given to the Division of Parks by Chapter 148, Kentucky Revised Statutes. KRS 148.030, enacted in 1948, provides that acquisitions and improvements of parks and facilities may be financed by the issuance of revenue bonds. Appellants' argument is based on KRS 148.030(2), which provides that in the event revenue bonds are to be issued they "shall be issued pursuant to the terms of KRS 58.010 to 58.140." It is thus contended that the authority of the Division of Parks to issue revenue bonds is confined to the issuance of such bonds as provided for in Chapter 58, Kentucky Revised Statutes, entitled "Acquisition and Development of Public Projects by Governmental Units and Agencies, Through Revenue Bonds."

The Commission contends that it is authorized to issue the revenue bonds under the provisions of Chapter 56, Kentucky Revised Statutes, specifically referred to as KRS 56.440–56.550 in the bond resolution. At this point, it should be noted that appellants' attack here is directed against the procedure for issuing revenue bonds rather than toward the method of financing. By inference, they seem to admit that the revenue bond issue in question would have been proper had it been done pursuant to provisions of Chapter 58.

Under the provisions of Chapter 56, the Commission has the power to assist various agencies of the Commonwealth in the operation, maintenance, and improvement of the property controlled by the agency. KRS 56.510 prescribes various means of financing, including the issuance and sale of revenue bonds by the Commission, a building project for any state agency. A state agency is defined as any department, board, commission, institution, division, or functional group exercising any function of the state. KRS 56.440(5).

Chapter 56 was enacted in 1949 and re-enacted in 1956. The right of the Commission to issue revenue bonds for the construction of a building project and the improvement of real estate owned by the Commonwealth was upheld in Preston v. Clements, 313 Ky. 479, 232 S.W.2d 85. The right of the Legislature to confer centralized power to control real estate development by the Commonwealth in one agency, such as the Commission, was also sustained in the Preston case.

The enactment and re-enactment of Chapter 56 in 1949 and 1956, respectively, were subsequent to the enactment of Chapter 148 in 1948. Though Chapter 148 gave the Division of Parks authority to finance acquisition and improvement of park property, the Commission was also given the same authority under the later provisions of Chapter 56. In effect, Chapter 56 provides an alternate procedure for financing by means of revenue bonds.

■ Appellants urge that KRS 56.460 (7), referred to in Section 11 of the resolution, had been repealed at the time the resolution was adopted. This statute was re-enacted in 1956 as KRS 56.463(6). The authority formerly granted the Commission by KRS 56.460(7) was given to the Department of Finance by KRS 56.463(6), which provided that any such lease should be signed by the Commissioner of Finance and the Governor, both of whom are members of the Commission, rather than by the Commission chairman as previously provided. The failure to designate the correct statute is not considered sufficient to invalidate the resolution and lease inasmuch as they were executed by the proper officials with authority under the present statute.

■ The proposed lease provides that so long as any of these revenue bonds are outstanding the Division of Parks will not provide, use, occupy, or operate any other detracting properties or facilities. Appellants argue that this provision, in effect, freezes the development of the state park system until the debt is paid. There is nothing in the resolution or lease which prohibits the establishment and construction of new state parks or the improvement of existing parks. The prohibition is against providing, etc., detracting properties or facilities. The object of this provision is to protect the bondholders against the Division of Parks' establishing or constructing a competing property or facility which would destroy the revenue-producing ability of the existing system.

It is insisted that the provision objected to is against public policy and that the Commission has no right to impose its will against the will of the Legislature. This argument is vague and hard to follow since the Commission is acting under legislative authority granted by Chapter 56.

■ Because the resolution and lease provide that the Division of Parks may charge and collect an entry fee for persons and vehicles, as well as a fee for parking, appellants contend that such charges are in violation of certain restrictive covenants in the conveyance from the Tennessee Valley Authority on the land encompassed by the borders of Kentucky Dam Village and Kentucky State Park. Appellants are not parties to the conveyance of this property; nor are they shown to have any privity with the parties to the conveyance. Hence, they have no standing to question what is now a speculative and remote possibility of breach of covenant.

■ For the reason last mentioned, appellants cannot question the charging of fees as being violative of a further covenant in the TVA conveyance that the property shall be "used only as a State Park for public recreation, in accordance with generally recognized standards of park operation in the Commonwealth of Kentucky, and have no other purpose or purposes." There is an additional reason why there is no merit in this argument. It has always been recognized that charges may be made for the use of certain facilities at state parks while other facilities may be free to the public. It is customary that fees are paid for the use of rooms at park hotels and cabins, for the use of golf courses, and other privileges, and that the use of certain swimming and beach facilities may be free. There is no valid reason advanced why all facilities made available to the general public should not bear a reasonable charge for their use. There is no continuing and binding obli-

gation to furnish such facilities free. See Prickett v. City of Hillsboro, 323 Ill.App. 235, 55 N.E.2d 306; and Cohen v. Samuel, 367 Pa. 268, 80 A.2d 732. The Legislature has specifically authorized the Division of Parks to "fix fees and charges for the use of said parks, and the improvements and facilities constructed therein, and provide for the collection of said fees and charges * * *." KRS 148.020(3). No exclusions are authorized.

Lastly, it is argued that the proposed bonds in reality are not revenue bonds and that they indirectly constitute a charge against the General Fund of the state. This is understood to mean the creation of an unconstitutional debt. In a similar situation dealing with construction and operation of turnpikes or toll roads, a similar contention was decided adversely. Guthrie v. Curlin, Ky., 263 S.W.2d 240. It was held in the Guthrie case that the covenant to pay the cost of maintenance, repairs, and operations of the toll road did not create a "debt" of the state in violation of Kentucky Constitution, §§ 49, 50, and 177. The cases upholding a similar provision for maintenance of toll bridges are cited in the Guthrie case.

The procurement and maintenance of public parks are governmental functions. City of Louisville v. Pirtle, 297 Ky. 553, 180 S.W.2d 303; Baker v. City of Lexington, Ky., 310 S.W.2d 555. There is no valid difference in the obligation to maintain the state park system from the obligation to maintain toll bridges and roads. Each is based on the inherent duty to perform an essential governmental function. The provision for payment of maintenance, repair, and insurance costs of the state park system does not constitute the creation of a debt in violation of the debt limitation provisions of the Kentucky Constitution.

The court's refusal to permit the filing of the amended complaint is not reversible error.

Judgment affirmed.