BLUEGRASS BOARDING AND TRAINING KENNELS; Dogwood Kennels; Royalton Boarding Kennels; and Waggin' Tail Kennels, Appellants,

v.

JEFFERSON COUNTY FISCAL COURT; Irvin G. Maze, Jefferson County Attorney; and Eric Blow, Director, Jefferson County Division of Animal Control and Protection, Appellees.

No. 1999–CA–001407–MR.

Court of Appeals of Kentucky.

Aug. 25, 2000.

Grant M. Helman, David S. Stevenson, Louisville, Kentucky, for Appellants.

I.G. Spencer, Jr., N. Scott Lilly, Louisville, Kentucky, for Appellees.

BEFORE: BUCKINGHAM, KNOPF, and SCHRODER, Judges.

## OPINION

SCHRODER, Judge:

This is an appeal from a judgment of the Jefferson Circuit Court upholding the constitutionality of a county ordinance requiring, among other provisions, for kennel and cattery owners to divulge the names and addresses of pet owners to the Department of Animal Control upon request. We believe the ordinance is not an unconstitutional invasion of privacy, does not violate equal protection, and is not unconstitutionally vague or overbroad; thus, we affirm.

Appellants, Bluegrass Boarding and Training Kennels, Dogwood Kennels, Royalton Boarding Kennels, and Waggin' Tail Kennels, are businesses located in Jefferson County which board domesticated dogs and cats. On December 10, 1996, the Jefferson County Fiscal Court amended and adopted Sections 91.075(M) and (L) of Jefferson County Ordinance # 46, Series 1996. Section 91.075 states, in pertinent part:

91.075 BOARDING KENNELS OR CATTERYS

(A) All Boarding Kennels or Catterys shall, in addition to the other requirements of this ordinance, comply with the minimum standards of this section. Failure to meet these standards shall be grounds for denial or revocation of a license pursuant to 91.020 through 91.023 and the issuance of a citation subjecting the owner to the penalties provided in 91.098 of this ordinance. Facilities shall be subject to inspection by an Animal Control Officer upon his/her request, during reasonable hours.

. . . .

(L) Animals over the age of four months which are boarded must have proof of a valid Jefferson County pet license and rabies vaccination.

(M) Owners of boarded animals which do not have proof of a valid Dog or Cat license shall be presented with a License Application by the Boarding Kennel or Cattery. Such application shall be supplied by the Division. *The owner shall be advised by the Boarding Kennel or Cattery of the licensing requirement and that they are subject to a Warning Citation through the mail should the Kennel or Cattery be inspected while their animal is being boarded. The Boarding Kennel or Cattery shall provide the name and address of any animal being boarded to Animal Control and Protection upon request.*

On July 13, 1998, appellants filed a complaint in Jefferson Circuit Court, alleging that the ordinance was unconstitutional pursuant to the United States and Kentucky Constitutions as 1) an invasion of privacy of the kennel owners; 2) an invasion of privacy of the clients of the kennels; 3) a violation of equal protection; and 4) unconstitutionally vague. Appellee, Jefferson County Fiscal Court, filed a motion for summary judgment, which was granted by the trial court on February 24, 1999. This appeal followed.

On appeal, appellants argue that the trial court erred in its determination that the ordinance was not unconstitutional. Appellants first argue that Section 91.075(M) violates the right to privacy of both the kennel and pet owners, by requiring kennel owners to provide to Animal Control the name and address of the owner of an animal being boarded. Appellants note that people board their pets at kennels when they are away from home, and that supplying names and addresses of clients who are not at home places the clients' homes and property at risk. As a result, appellants argue that kennel and cattery businesses will be threatened, as people will not want to patronize businesses which disseminate such personal information.

Appellants further argue that the ordinance seeks to have the kennel owners

serve as an enforcement arm of Animal Control, by having the kennel owners provide their clients' personal information to Animal Control, without their clients' knowledge or consent. Appellants argue that the ordinance requires information in which an individual has a privacy interest, but provides no state interest that outweighs it. Appellants contend that the true purpose of the ordinance is to raise revenue for Animal Control through pet licenses, and that raising revenue is not an interest that outweighs the privacy interest of the individual pet owners.

■ We acknowledge that an individual has at least some expectation of privacy in his home address. *Zink v. Commonwealth,* Ky.App., 902 S.W.2d 825 (1994). Therefore, we must determine if such an invasion of privacy is warranted by weighing the public interest in disclosing this information to Animal Control against the privacy interests involved. *Id.* at 828. We agree with appellee that one of the purposes of dog and cat licensing is to prevent rabies. Appellants argue that, because section M only requires kennels to give out license applications, without ensuring vaccination, its true purpose is actually to raise revenue, not prevent rabies. However, a reading of the Jefferson Fiscal Court's original animal control ordinance contained in the record, adopted December 19, 1990, to which the amendments at issue were added, indicates that, in Jefferson County, vaccination and licensing are intertwined. Section III of this ordinance, entitled "Licenses, Permits, and Vaccinations" states that "Individual dog and cat licenses shall be issued in conjunction with a valid rabies vaccination certificate...."

A boarding kennel or cattery is a place where pets are kept in close proximity to each other with the potential for disease transmission. By allowing Animal Control to identify and notify owners of unlicensed animals in boarding kennels, we believe that section M does serve the purpose of rabies prevention, as it encourages licensing and therefore, vaccination. Further,

the invasion of privacy at issue is minimal, as the home address of a pet owner would only be furnished in the event of an Animal Control inspection, upon the request of Animal Control, with the individual pet owner of an unlicensed pet simply receiving a warning citation through the mail. We agree with the trial court that the public interest in rabies prevention outweighs the privacy interest an individual pet owner boarding his pet in a kennel or cattery has in his home address being furnished to Animal Control under these circumstances.

■ Appellants next argue that the ordinance violates equal protection, because it treats Jefferson County kennel owners differently than similarly situated kennel owners in other Kentucky counties. KRS 67.083(3)(a) gives the fiscal court of a county the power to enact ordinances and regulations dealing with animal control. KRS 258.015 requires dogs to be vaccinated against rabies, and KRS 258.087 states that "[a]ny city legislative body or fiscal court may, by the adoption of an appropriate ordinance or resolution, provide for more stringent regulation of rabies control in dogs, cats, or other animals than set forth in this chapter."

■ Having previously determined that the ordinance does not unduly infringe upon pet and kennel owners' right to privacy, and because Jefferson County pet and kennel owners are not a suspect class, the ordinance is reviewed under a rational basis analysis, which requires only that the classification rationally further a legitimate state interest. *Commonwealth v. Howard,* Ky., 969 S.W.2d 700 (1998); *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). KRS 258.087 gives the Jefferson County Fiscal Court the power to enact more stringent rabies prevention measures than those of other counties. As stated previously, a rabies vaccination appears to be a requirement for obtaining a pet license in Jefferson County. Therefore, it follows

that Jefferson County's ordinance requiring kennel owners to provide license applications to unlicensed pet owners and to provide the names and home addresses of pet owners to Animal Control is rationally related to the legitimate purpose of rabies prevention. As such, we determine that the ordinance does not violate equal protection.

 Appellants' final argument is that sections (L) and (M) of the ordinance are unconstitutionally vague when read together, as (L) states a pet must have a license to be boarded and (M) mandates that owners of unlicensed boarded animals shall be presented a license application by the kennel. A statute is impermissibly vague when a person disposed to obey the law could not determine with reasonable certainty what conduct is prohibited. *Craig v. Kentucky State Board for Elementary and Secondary Education,* Ky. App., 902 S.W.2d 264, 268 (1995); *Commonwealth v. Foley,* Ky., 798 S.W.2d 947 (1990). We believe the ordinance is not impermissibly vague, as a pet owner can readily determine from sections (L) and (M) that his pet is required to have a license to be boarded and is on notice that he will receive a warning citation should his unlicensed pet be discovered during an Animal Control inspection. Similarly, the kennel owner can determine from section (M) that he is not prohibited from boarding an unlicensed pet, but has a duty to present an unlicensed pet owner with a license application, advise the pet owner of the licensing requirement, and provide Animal Control with the name and address of the pet owner upon request. Appellants

further argue that the statute is overbroad because it does not place the kennel owners on notice of what is prohibited. A statute is overbroad if, in an effort to control impermissible conduct, the statute also prohibits conduct which is constitutionally permissible. *Craig,* 902 S.W.2d at 268. We agree with the trial court that appellants "set[ ] forth no examples of a prohibitive or chilling effect on any protected conduct."

 The standard of review of a trial court's granting of summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* Ky.App., 916 S.W.2d 779, 780 (1996). We are to view the record in the light most favorable to the party opposing the motion and resolve all doubts in its favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.,* Ky., 807 S.W.2d 476, 480 (1991). We determine that no genuine issue of material fact exists and appellee was entitled to summary judgment as a matter of law.

The decision of the Jefferson Circuit Court is affirmed.

ALL CONCUR.